UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ALI A. AZIZ-HAKIM, ) | CASE NO. 1:14 CV 991 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| FRANK BOVA, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

Plaintiff *pro se* Ali Aziz-Hakim, formerly an inmate at the Cuyahoga County Jail, brings this *in forma pauperis* action under 42 U.S.C. § 1983 against Defendants Cuyahoga County Sheriff Frank Bova and Cuyahoga County Jail Warden Eric Ivey. Plaintiff alleges he was subjected to the following adverse conditions of confinement during his incarceration at the jail: 1) his medications were changed; 2) he did not receive an appropriate diet in light of his medical problems; 3) he was unfairly found guilty of and punished for two disciplinary violations; and, 4) as a result of the punishment and lack of access to legal resources, a court appeal he filed was dismissed. Plaintiff asserts Defendants are liable because they "are responsible for all Cuyahoga County Jail employees and inmates, and they are responsible for the training and supervision of all of their employees." Complaint, p.4.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not set forth a valid federal claim.  Defendants cannot be held liable for damages under § 1983 solely because they employ and supervise jail personnel, as *respondeat superior* is not a proper basis for such liability.  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).  Supervisors are not liable for the actions of their employees merely because they have the right to control those employees.  *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421.  Furthermore, a supervisor's failure to monitor the offending individual is not actionable unless the supervisor either encouraged the specific misconduct or in some other way directly participated in it.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

*County*, 668 F.2d 869, 874 (6th Cir.1982)). At a minimum, a plaintiff must show the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional actions of the offending employees. *Id.* (quoting *Hays*, 668 F.2d at 874). The Complaint does not contain allegations reasonably suggesting Defendants engaged in such conduct.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                             /s/ Patricia A. Gaughan
                                                             PATRICIA A. GAUGHAN
                                                             UNITED STATES DISTRICT JUDGE

Dated: 10/21/14